**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ROBERT LEE TERRY          :
                          :    Civil Action No. 11-0733 (CCC)
        Petitioner,       :
                          :
    v.                    :              **OPINION**
                          :
GREG BARTKOWSKI, et al.,  :
                          :
        Respondents.      :

**APPEARANCES:**

Petitioner <u>pro se</u>
Robert Lee Terry
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625

**CECCHI**, District Judge

    Petitioner Robert Lee Terry, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

to 28 U.S.C. § 1915(a).  The respondents are Greg Bartkowski and New Jersey State Prison.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

On June 26, 1996, following a five-day trial in the Superior Court of New Jersey, Law Division, Union County, a jury convicted Petitioner of first degree murder, fourth degree aggravated assault, second degree possession of a weapon for an unlawful purpose, and third degree unlawful possession of a weapon. Immediately thereafter, Petitioner was tried before the same jury on a separate charge of possession of a weapon by a convicted felon and was found guilty.  On October 18, 1996, the trial court entered judgement sentencing Petitioner to an aggregate term of life imprisonment plus a consecutive term of fifteen and one-half years' imprisonment, with a forty-three year parole disqualifier. See Terry v. Cathel, Civil No. 05-4644 (D.N.J.), 2006 WL 2528548 (D.N.J. Aug. 31, 2006).  On direct appeal, the Superior Court, Appellate Division, affirmed the judgments of conviction, but

remanded for resentencing.[2]  The Supreme Court of New Jersey denied certification on October 15, 1998.  Petitioner did not petition the United States Supreme Court for a writ of certiorari.  Thereafter, in state court, Petitioner pursued two separate petitions for post-conviction relief.

Petitioner filed his first federal petition for habeas corpus relief on September 18, 2005.  See Terry v. Cathel, Civil No. 05-4644 (D.N.J.).  On August 31, 2006, this Court entered its Opinion and Order dismissing the Petition with prejudice as time-barred.  Terry v. Cathel, 2006 WL 2528548 (D.N.J. Aug. 31, 2006).  On March 22, 2007, the U.S. Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability.  See Terry v. Cathel, No. 06-4212 (3d Cir.).  On November 13, 2007, the Supreme Court of the United States denied the petition for writ of certiorari.  See Terry v. Ricci, No. 07-6335, 552 U.S. 1024 (U.S.).

Petitioner subsequently filed an application with the Court of Appeals for the Third Circuit, for leave to file a second or successive federal habeas corpus petition on grounds of actual innocence, which was denied because all claims had been raised in Petitioner's previous federal habeas petition.  In re Terry, No. 08-1795 (3d Cir. May 22, 2008).

---

[2] The Appellate Division directed that the parole disqualifier be limited to 30 years.  Petitioner did not appeal the resentencing.

Thereafter, Petitioner pursed additional unsuccessful state petitions for post-conviction relief.  See State v. Terry, 2010 WL 4068485 (N.J. Super. App. Div. Aug. 2, 2010) (also attached as an exhibit to this Petition), certif. denied, 205 N.J. 78 (2011).[3]

This Petition, dated January 21, 2011, followed.  Here, Petitioner asserts again that he is actually innocent of the crime of murder, that his trial counsel provided ineffective assistance, and that the sentence is illegal.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  See also

---

[3] This Court will take judicial notice of the dockets of other courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge <u>must</u> dismiss the petition ... ." (emphasis added)).

Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. at 856. A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground." <u>See</u> Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. <u>See</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

Federal law imposes strict limitations on a United States District Court's consideration of "second or successive" habeas petitions. 28 U.S.C. § 2244(b)(1)-(3).

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

Gonzalez v. Crosby, 545 U.S. 524, 529-530 (2005).

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the

6

petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." Panetti v. Quarterman, 551 U.S. 930, 944 (2007).  The term has been the subject of substantial recent discussion in Supreme Court decisions.  See, e.g., Panetti v. Quarterman, 551 U.S. 930 (2007) (creating an exception for a second application raising a claim that would have been unripe had the petitioner presented it in his first application); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); Slack v. McDaniel, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

This Court finds that this Petition is a "second or successive" petition over which it lacks jurisdiction.[4]  See, e.g., Stokes v. Gehr, 399 Fed.Appx. 697, 699 n.2 (3d Cir. 2010) (quoting McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas

---

[4] Because this Petition is "second or successive" there is no need to give the notice otherwise required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA....")).  This Court further finds that it is not in the interests of justice to transfer this action to the Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 1631, as the Court of Appeals has already declined to grant Petitioner leave to proceed with a second or successive petition. Accordingly, the Petition will be dismissed for lack of jurisdiction.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## V. CONCLUSION

For the reasons set forth above, the Petition will be dismissed as second or successive. An appropriate order follows.

s/Claire C. Cecchi<br>
CLAIRE C. CECCHI<br>
United States District Judge

Dated:   October 28, 2011